```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                    SOUTHEASTERN DIVISION
```

MRIDUL KUMAR UMMAT,              )
                                 )
            Plaintiff,            )
                                 )
        v.                       )       No. 1:07-CV-154-LMB
                                 )
ROBYN WALKER, et al.,            )
                                 )
            Defendants            )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Mridul Kumar Ummat for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in the amount of $10,650 in this action against Robyn Walker, Mitchell Madry, and Peggy Childers.

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that the amount in controversy does not exceed $75,000. See 28 U.S.C. § 1332. Moreover, plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Last, none of the named defendants is alleged, or appears, to be a state

actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 4th day of January, 2008.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**